```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
FOX NEWS NETWORK, LLC,              :
                                    :
               Plaintiff,           :     09 CV 2641 (JSR)
                                    :
          -v-                       :          ORDER
                                    :
SECURITIES AND EXCHANGE COMMISSION, :
                                    :
               Defendant.           :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-31-10

     Pending before the Court are the parties' cross-motions for summary judgment as well as the motion of plaintiff Fox News Network ("Fox News") for reconsideration of the Court's Order dated December 4, 2009.

     On February 26, 2009, Fox News sent defendant Securities and Exchange Commission (the "SEC") two requests pursuant to the Freedom of Information Act ("FOIA"), seeking information received by the SEC regarding any potential violations of securities laws by, respectively, R. Allen Stanford or Stanford Financial Group ("Stanford request") and Bernard L. Madoff or Bernard L. Madoff Investment Securities LLC ("Madoff request"). Amended Compl. ("Compl.") ¶ 5. On March 23, 2009, Fox News filed the instant lawsuit to expedite the SEC's response to Fox News's requests and to challenge the SEC's assertion of various FOIA exemptions for withholding from production certain of the otherwise responsive documents. In response to an administrative appeal that upheld the

SEC's asserted exemption from withholding of materials responsive to the Madoff request, Fox News filed an Amended Complaint on May 8, 2009, which added requests for injunctive and declaratory relief. Compl. ¶¶ 63, 69, 71.

At in-court conferences held on April 1, April 20, and May 14, 2009, the SEC provided updates regarding the SEC's search for documents responsive to Fox News's requests.  In May 2009, the SEC produced a number of documents responsive to both the Madoff and Stanford requests, but otherwise asserted various FOIA exemptions from production.

On July 21, 2009, the SEC moved for summary judgment in its favor.  Fox News subsequently cross-moved for summary judgment, challenging the adequacy of the SEC's search for documents and the validity of the SEC's assertion of exemptions on the Madoff and Stanford "Vaughn" indices and accompanying declarations.  Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment and In Support of Cross-Motion at 2.  After the Court heard oral argument on September 30, 2009 on the parties' cross-motions, the Court, by Orders dated October 9 and October 28, 2009, requested a random sampling of withheld documents from both the Madoff and Stanford Vaughn indices for in camera review.  On November 2 and November 3, 2009, the SEC complied with the Court's Order by providing the requested documents, at which point the SEC also

indicated that it was asserting additional exemptions for several entries in the Madoff Vaughn index previously withheld on the basis of Exemption 7(A). This came about because certain documents had previously been withheld while the Office of the Inspector General ("OIG") had been conducting an internal investigation and because many of the documents pertained to SEC investigations into Madoff conducted in 2004 and 2005; but while the completion of those investigations meant that Exemption 7(A) could no longer be validly asserted as to those documents, the SEC now asserted that some of those documents were exempt under Exemptions 5, 6, 7(c), and/or 8. See Letter from H. David Kotz, Inspector General, dated Nov. 2, 2009; Letter from Melinda Hardy, Esq., and Christopher Bruckmann, Esq., dated Nov. 3, 2009.

The Court conducted an in camera review of the random sample of documents and found that asserted exemptions for the entries on the Vaughn indices were well-founded in the majority of cases, but that there was a small selection of documents whose protectible status remained in doubt. Accordingly, the Court held a sealed, ex parte hearing on December 3, 2009, at which it reviewed various documents and heard sworn testimony from representatives from the SEC and OIG to address the asserted exemptions. The Court issued an Order, dated December 4, 2009, finding that most of the withholdings were valid, but in the other instances directing the SEC to produce to Fox News certain documents and portions of certain other

documents. Order, Dec. 4, 2009, at 1. The SEC duly complied.

Fox News then filed a motion for reconsideration of the Court's December 4, 2009 Order, challenging the timeliness of the SEC's assertion of new exemptions for the withheld documents, including the OIG documents, as described above, and requesting that the Court, at a minimum, direct the SEC to provide an updated Madoff Vaughn index describing the documents in entries 204, 207, and 209 in sufficiently informative terms to permit analysis and challenge of the newly asserted exemptions. Plaintiff's Memorandum of Law in Support of Reconsideration Pursuant to Local Rule 6.3 ("Pl. Mem.") at 3. Fox News also argued that the Court erred in failing to issue any rulings regarding segregability for those documents for which the SEC has asserted the application of Exemption 5. Id. at 13.

The SEC filed opposition papers, and the Court heard oral argument on the motion on March 12, 2010. At oral argument, the Court concluded that Fox News was entitled to an updated Vaughn index from the SEC to allow Fox News to evaluate the assertion of the new exemptions, in particular Exemption 5, and directed the SEC to produce the updated index to Fox News within one month.

With respect to the rest of the motion for reconsideration, the Court concludes that the SEC's belated addition of newly asserted exemptions for documents no longer exempted by Exemption 7(A) is excusable (e.g., because some of the documents were in the hands of OIG) and does not, in any event, prejudice Fox News. Hence, the new

4

assertions are not barred as untimely. With respect to the issue of segregability, the Court concludes that, based on its in camera review of the random sample of documents provided by the SEC, segregation is uncalled for and, indeed, would be impossible because the asserted exemptions cover the entire documents.

Turning to the summary judgment motions, the Court finds that resolution of these motions has now been made more complicated by a letter to the Court dated March 26, 2010 that Fox News sent with the Court's permission to clarify its view of which documents are still at issue in the case. Fox News contends that entries 204, 207, and 209 are still at issue with respect to Exemption 5, and any resolution must remain pending completion of the updated Vaughn index. Fox News further argues that entry 210, for which the SEC now contends that Exemption 5 also applies, should be reviewed and placed on the updated Vaughn index. Fox News also contends that entries 203, 205, 206, and 208 have not been reviewed for additional exemptions after the SEC withdrew its assertion of Exemption 7(A).

Further complicating the matter is the fact that the Court, at the parties' request, authorized an agreement between the parties for Fox News to review certain of these documents under stringent confidentiality rules so as to come to agreement regarding disclosure of these documents without further litigation. See Order, Mar. 17, 2010. With respect to entry number 202, the SEC indicates that the entry includes 3.7 million emails and 12 "banker's boxes" of

5

documents. Fox News indicates that it has decided to forego review of the emails, but requests that the SEC process the documents and to provide a Vaughn index for any documents the SEC decides to withhold from that entry. Finally, Fox News asserts that a large number of documents remain withheld under Exemption 7(A), but that even after the Court's in camera review of a random selection of documents to test the validity of the SEC's original Madoff Vaughn index, the SEC has not met its burden.

In light of the Court's directive to the SEC to produce a newly updated Madoff Vaughn index to reflect the assertion of Exemption 5, among other new exemptions, which Fox News will need to review, as well as the parties' agreement to review entries 203, 205, 206, and 208 to determine whether those documents remain at issue, the Court concludes that as to the Madoff materials, the parties' cross-motions for summary judgment, which focused on the previous Madoff Vaughn index, have been rendered moot by the intervening proceedings in this case, and in particular, by the current focus on the validity of Exemption 5. With respect to the Madoff request, the Court therefore denies both parties' motions for summary judgment, wholly without prejudice to either party's refiling its motion for summary judgment after the aforementioned, intervening steps have been completed. As to the Stanford request, however, the SEC's motion for summary judgment is hereby granted and Fox News's motion for summary judgment is hereby denied, with opinion to follow.

The Clerk of the Clerk is directed to close document numbers 12, 29, and 42 on the docket of the case.

SO ORDERED.

                                                      JED S. RAKOFF, U.S.D.J.

Dated:      New York, New York
              March 31, 2010